IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ROTHWELL,

    Petitioner,

vs.

M. MARTELL,

    Respondent.

No. CIV S-09-2917 GEB EFB (TEMP) P

<u>ORDER AND
FINDINGS AND RECOMMENDATIONS</u>

    Petitioner is a California prisoner proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a 2008 denial of parole.

    An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a).

    Further, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

////

1

> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").[1] It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* [*v. Taylor*, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. *Early v. Packer*, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002), *cert. dismissed*, 538 U.S. 919 (2003). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must

---

[1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief. *Fry v. Pliler*, 127 S. Ct. 2321, 2326-27 (2007).

1  perform an independent review of the record to ascertain whether the state court decision was
2  objectively unreasonable. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). In other
3  words, the court assumes the state court applied the correct law, and analyzes whether the
4  decision of the state court was based on an objectively unreasonable application of that law. If
5  the state court does not reach the merits of a particular claim, *de novo* review applies. *Lewis v.*
6  *Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

7  "Clearly established" federal law is that determined by the Supreme Court. *Arredondo v.*
8  *Ortiz*, 365 F.3d 778, 782-83 (9th Cir. 2004). At the same time, it is appropriate to look to lower
9  federal court decisions as persuasive authority in determining what law has been "clearly
10  established" and the reasonableness of a particular application of that law. *Duhaime v.*
11  *Ducharme*, 200 F.3d 597, 598 (9th Cir. 1999); *Clark v. Murphy*, 331 F.3d 1062 (9th Cir. 2003),
12  *overruled on other grounds*, *Lockyer v. Andrade*, 538 U.S. 63 (2003); *cf. Arredondo*, 365 F.3d at
13  782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of Supreme Court
14  precedent is misplaced).

15  Petitioner asserts he was denied parole in 2008 as a result of violations of the Due
16  Process Clause of the Fourteenth Amendment. The Due Process Clause of the Fourteenth
17  Amendment prohibits state action that deprives a person of life, liberty, or property without due
18  process of law. A litigant alleging a due process violation must first demonstrate that he was
19  deprived of a liberty or property interest protected by the Due Process Clause and then show that
20  the procedures attendant upon the deprivation were not constitutionally sufficient. *Kentucky*
21  *Dep't of Corrections v. Thompson,* 490 U.S. 454, 459-60 (1989).

22  A protected liberty interest may arise from either the Due Process Clause of the United
23  States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
24  expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221
25  (2005) (citations omitted). The United States Constitution does not, of its own force, create a
26  protected liberty interest in a parole date, even one that has been set. *Jago v. Van Curen*, 454

U.S. 14, 17-21 (1981); *Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." *Greenholtz*, 442 U.S. at 12; *see also Board of Pardons v. Allen*, 482 U.S. 369, 376-78 (1987) (a state's use of mandatory language ("shall") creates a presumption that parole release will be granted when the designated findings are made.).

California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause. *Swarthout v. Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011) (per curiam). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal.4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002). However, in *Swarthout* the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." *Swarthout*, 2011 WL 197627, at *3. In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding. *Id*. at *3. Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in *Greenholtz*, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." *Swarthout*, at *2-3.

Here, the record reflects that petitioner was present at his 2008 parole hearing, Answer, Ex. 1 at 52, he was given an opportunity to be heard throughout his hearing, *id*. at 52-108, and was provided with the reasons for the decision to deny parole, *id*. at 95-108. According to the United States Supreme Court, the Due Process Clause requires no more. Accordingly, petitioner's Due Process Clause claims must be rejected.

4

1   In accordance with the above, IT IS HEREBY RECOMMENDED that:

2       1.  Petitioner's application for writ of habeas corpus be denied; and

3       2.  The Clerk be directed to close the case.

4   These findings and recommendations are submitted to the United States District Judge

5   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6   after being served with these findings and recommendations, any party may file written

7   objections with the court and serve a copy on all parties.  Such a document should be captioned

8   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

9   within the specified time may waive the right to appeal the District Court's order. *Turner v.*

10  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

11  his objections petitioner may address whether a certificate of appealability should issue in the

12  event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

13  Section 2254 Cases (the district court must issue or deny a certificate of appealability when it

14  enters a final order adverse to the applicant).

15  DATED:  March 24, 2011.

16

17  _____
    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26